IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CITY OF JOLIET, an Illinois Municipal Corporation, )
)
) 05 C 6746
Plaintiff, )
)
v. ) Hon. Charles R. Norgle
)
MID-CITY NATIONAL BANK, et al., )
)
Defendants. )

## OPINION AND ORDER

Before the court are Defendants New West/New Bluff's and the United States Department of Housing and Urban Development's ("HUD") Petitions for Interlocutory Appeal. For the following reasons, the Petitions are granted.

## I. BACKGROUND

On August 3, 2007, the court entered an order granting the City of Joliet's Motion for Judgment on the Pleadings with regard to the Supremacy Clause defense. The court denied HUD's Motion for Reconsideration on March 18, 2008. On March 25, 2008, the court denied HUD's Motion for Summary Judgment.[1] HUD's Motion for Summary Judgment was based on the Contracts Clause and the Property Clause of the United States Constitution, and the doctrine of intergovernmental immunity. In separate Petitions, Defendants New West/New Bluff and HUD now petition the court to certify the court's orders of August 3, 2007, March 18, 2008, and March 25, 2008 for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

---

[1] A full Opinion issued on March 27, 2008.

1

## II. DISCUSSION

### A. Standard of Decision

The movant seeking the grant of a motion to certify an interlocutory order for immediate appeal pursuant to 28 U.S.C. § 1292(b) bears a heavy burden, as only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." Fisons Limited v. United States, 458 F.2d 1241, 1248 (7th Cir.1972). The statutory text of 28 U.S.C. § 1292(b) provides, *inter alia*:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

See also In re Ford Motor Co., 344 F.3d 648, 653 (7th Cir. 2002); Ahrenholz v. Bd. of Trs. of the U. of Ill., 219 F.3d 674, 675 (7th Cir. 2000). "There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." Ahrenholz, 219 F.3d at 675. "There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." Id. When a district court certifies an order for interlocutory appeal, the court should identify the question it believes meets the criteria for interlocutory review. See In the Matter of Arthur J. Hamilton, 122 F.3d 13, 14 (7th Cir. 1997).

### B. 28 U.S.C. § 1292(b) Criteria

#### *1. Question of Law*

The first statutory criterion under § 1292(b) is that the court be presented with a question of law. In Ahrenholz, the Seventh Circuit provided a definition of "question of law," stating that

2

a "'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine . . . ." 219 F.3d at 676. The Seventh Circuit then emphasized that the framers of § 1292(b) intended the term "question of law" to refer to "'pure' question[s] of law rather than merely to an issue that might be free from a factual contest." Id. at 676-77.

Here, Defendants present the court with the question of whether the Supremacy Clause, the Contracts Clause, or the Property Clause of the United States Constitution, or the doctrine of intergovernmental immunity, preempts and/or prohibits a municipality from exercising its powers of eminent domain over privately owned property in which the federal government claims an interest, and which property is subject to Regulatory Agreements required by the National Housing Act ("NHA") and the Multifamily Assisted Housing Reform and Affordability Act ("MAHRA"). The court finds that this question presents an "abstract issue of law . . . suitable for determination by an appellate court without a trial record." See Ahrenholz, 219 F.3d at 677; see also Hamilton, 122 F.3d at 14. The court therefore determines that Defendants have properly articulated a question of law within the meaning of § 1292(b).

### 2. *Controlling*

The second statutory criterion under § 1292(b) is that the question of law be controlling. A question of law is controlling "if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." Sokaogon Gaming Enter. Corp., v. Tushie-Montgomery Assocs., Inc., 86 F.3d 656, 659 (7th Cir 1996). Here, if the Seventh Circuit were to determine that Joliet's condemnation action was preempted and/or prohibited, the district court would likely be required to dismiss this case. The court therefore determines that the question presented for interlocutory appeal is controlling.

3

### 3. Contestable

The third statutory criterion under § 1292(b) is that the question of law be contestable, i.e., that substantial grounds for a difference of opinion on the issue exist. An issue is contestable within the meaning of § 1292(b) if there is a "difficult central question of law which is not settled by controlling authority," and a "substantial likelihood" exists that the district court's ruling will be reversed on appeal. In re Brand Name Prescription Drugs Antitrust Litigation, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995).

Defendants assert that neither the Seventh Circuit nor any other Circuit Court of Appeals has specifically addressed the preemption arguments raised in this case in relation to the NHA and the MAHRA. The court agrees. While the court is loath to determine that there is a "substantial likelihood" that it will be reversed on appeal, the court determines that the issue presented in Defendants' Petitions is contestable.

### 4. Materially Advance the Litigation

The fourth statutory criterion under § 1292(b) is that resolution of the question of law "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); see also Ahrenholz, 219 F.3d at 675. As the court has already indicated, should Defendants prevail on this issue, the court may well be required to dismiss this case. The court therefore determines that resolving the issue of law presented by Defendants has the potential to materially advance this litigation.

### 5. Timeliness

Although there is no statutorily imposed time frame for filing a petition for interlocutory review with the district court, such requests must be filed within a reasonable period of time after

the entry of the order for which such review is sought. Ahrenholz, 219 F.3d at 675. The New West/New Bluff Defendants filed their Petition for Interlocutory Review on April 11, 2008. HUD filed its Petition on May 14, 2008. The orders sought to be certified for interlocutory appeal were entered on August 3, 2007, March 18, 2008, and March 25, 2008. The court finds that Defendants have filed their Petitions for Interlocutory Review within a reasonable time.

## III. CONCLUSION

For the foregoing reasons, the court certifies its August 3, 2007, March 18, 2008, and March 25, 2008 orders for interlocutory review. The question the court believes meets the criteria for interlocutory review by the Seventh Circuit is the following: whether the Supremacy Clause, the Contracts Clause, or the Property Clause of the United States Constitution, or the doctrine of intergovernmental immunity, preempts and/or prohibits a municipality from exercising its powers of eminent domain over privately owned property in which the federal government claims an interest, and which property is subject to Regulatory Agreements required by the NHA the MAHRA.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

Dated: June 13, 2008