IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CITY OF JOLIET, an Illinois Municipal Corporation,

    Plaintiff,

v.

MID-CITY NATIONAL BANK OF CHICAGO, et al.

    Defendants.

05 C 6746

Hon. Charles R. Norgle

**OPINION AND ORDER**

Before the court is a motion by the City of Joliet ("Joliet") for judgment on the pleadings with respect to certain affirmative defenses raised by several defendants. For the following reasons, Joliet's motion is granted in part and denied in part.

**I. BACKGROUND**

The factual background of this litigation is well documented in previous opinions by this court and by the Seventh Circuit.[1] The litigation involves three civil rights suits filed by plaintiffs who are defendants in the instant condemnation suit. In the condemnation action, Joliet seeks to condemn Evergreen Terrance, a 356-unit apartment complex. The court has stayed the civil rights cases pending the outcome of a bench trial

---

[1] See City of Joliet v. New West, 562 F.3d 830 (7th Cir. 2009); New West v. City of Joliet, 491 F.3d 717 (7th Cir. 2007); City of Joliet v. Mid-City Nat'l Bank of Chi., No. 05 C 6746, 2008 WL 4344896 (N.D. Ill. Mar. 27, 2008); City of Joliet v. Mid-City Nat'l Bank of Chi., No. 05 C 6746, 2007 WL 2298403 (N.D. Ill. Aug. 3, 2007).

in the condemnation case.² The Defendants in the condemnation action are the United States Department of Housing and Urban Development ("HUD"), the tenants of Evergreen Terrace ("Tenants"), and the owners of Evergreen Terrace which include New West, L.P. ("New West"). This opinion refers to them collectively as "Defendants." Joliet moves the court for judgment on the pleadings with respect to HUD's affirmative defenses Nos. 2-8 and 13; the Tenants' affirmative defenses Nos. 1-3, 5-7, and 12; and New West's affirmative defenses Nos. 1-3, 7, 8, and 12. Joliet's motion is brought under Rule 12(c) and 12(h)(2) and also invokes the doctrine of the law of the case. The motion attacks eight affirmative defenses: (1) Supremacy Clause; (2) Property Clause; (3) Contract Clause; (4) equitable estoppel; (5) Rule 71.1 pleading deficiencies; (6) sovereign immunity; (7) failure to plead a valid public purpose; and (8) prior public use property. The motion is fully briefed.

## II. DISCUSSION

### A. Standard of Decision

#### *1. Judgment on the Pleadings*

Rule 12(c) permits judgment based on the pleadings alone, which include the complaint, the answer, and any written instruments attached as exhibits. Moss v. Martin, 473 F.3d 694, 698 (7th Cir. 2007). The Court reviews Rule 12(c) motions "by employing the same standard that applies when reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6)." Buchanan-Moore v. City of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citation omitted); see also Emergency Servs. Billing Corp. v. Allstate Ins. Co., No. 11-2381, 2012 WL 313578, at *3 (7th Cir. Feb. 2, 2012). The court construes

---

² See New West v. City of Joliet, No. 05 C 1743, 2012 WL 384574 (N.D. Ill. Jan. 31, 2012).

2

"the complaint in the light most favorable to the nonmoving party and will grant the motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." Buchanan-Moore, 570 F.3d at 827 (quotations omitted); see also Hous. Auth. Risk Retention Grp., Inc. v. Chi. Hous. Auth., 378 F.3d 596, 600 (7th Cir. 2004). The non-movant's alleged facts must "*plausibly* give rise to an entitlement of relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (emphasis added); see also 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1368 (2011) ("A motion for judgment on the pleadings under Rule 12(c) may be granted only if all material issues can be resolved on the pleadings by the district court; otherwise, a summary judgment motion or a full trial is necessary." (citation omitted)). Additionally, "[t]he Court may take judicial notice of documents that are part of the public record, including pleadings, orders, and transcripts from the prior proceedings." Hernandez ex rel. Gonzalez v. Tapia, No. 10-CV-4124, 2010 WL 5232942, at *3 (N.D. Ill. Dec.15, 2010) (citing Gen. Elec. Capital Corp. v. Lease Res. Corp., 128 F.3d 1074, 1081-82 (7th Cir. 1997)).

### 2. *Law of the Case and the Mandate Rule*

The doctrine of the law of the case "reflects the idea that a single court should not revisit its earlier rulings unless there is a compelling reason to do so." Sharp Elec. Corp. v. Metro. Life Ins. Co., 578 F.3d 505, 510 (7th Cir. 2009). Such "compelling" reasons may include "manifest error or a change in the law," Minch v. City of Chi., 486 F.3d 294, 301 (7th Cir. 2007), or "a clarification of [] law that makes clear that the earlier ruling was erroneous," Santamarina v. Sears, Roebuck & Co., 466 F.3d 570, 572 (7th Cir. 2006). The doctrine "posits that when a court decides upon a rule of law, that decision

should continue to govern the same issues in subsequent stages in the same case." EEOC v. Sears, Roebuck & Co., 417 F.3d 789, 796 (7th Cir. 2005) (quoting Jarrard v. CDI Telecomms., Inc., 408 F.3d 905, 911-12 (7th Cir. 2005)). The doctrine of law of the case "is designed to further consistency, to avoid constantly revisiting rulings, and to conserve judicial resources." Sharp Elec. Corp., 578 F.3d at 510.

Similarly, the mandate rule "requires a lower court to adhere to the commands of a higher court on remand." Sears, Roebuck & Co., 417 F.3d at 796 (quoting United States v. Polland, 56 F.3d 776, 777 (7th Cir. 1995)) (internal quotations omitted). "In general, any issue conclusively decided by [the Seventh Circuit] on appeal may not be reconsidered by the district court on remand." Id. (citing United States v. Husband, 312 F.3d 247, 251 (7th Cir. 2002)). "The scope of a district court's power on remand is determined by the language of the order of remand." United States v. White, 406 F.3d 827, 831 (7th Cir. 2005) (citing United States v. Buckley, 251 F.3d 668, 669 (7th Cir. 2001)). "There is no formula for determining its scope." Id. (citing Husband, 312 F.3d at 251). "The court may explicitly remand certain issues exclusive of all others; but the same result may also be accomplished implicitly." Husband, 312 F.3d at 251. The district court should look at the appellate opinion as a whole. Id.

Neither doctrine is "inflexible." Sears, Roebuck & Co., 417 F.3d at 796. "An appellate mandate does not turn a district judge into a robot, mechanically carrying out orders that become inappropriate in light of subsequent factual discoveries or changes in the law." Id. (quoting Barrow v. Falck, 11 F.3d 729, 731 (7th Cir. 1993)). A district court has authority to revisit an issue resolved earlier on appeal when the court "reasonably conclude[s] that there has been a relevant change in the law." Id. And the

doctrine of the law of the case does not prevent revisiting an issue "if an intervening change in the law, or some other special circumstance, warrants reexamining the claim." Id. (quoting United States v. Thomas, 11 F.3d 732, 736 (7th Cir. 1993)).

**B. Joliet's Motion for Judgment on the Pleadings**

Joliet argues for judgment on the pleadings as to eight affirmative defenses, most of which are raised by more than one Defendant. Joliet argues that this court's earlier orders in the city's favor, combined with the Seventh Circuit's decisions affirming those orders, foreclose Defendants' affirmative defenses regarding the (1) Supremacy, (2) Property, and (3) Contract Clauses as well as (4) equitable estoppel and (5) failing to name tenants as parties under Rule 71.1. City of Joliet's Mem. in Supp. of its Mot. for J. on the Pleadings With Respect to Certain Affirmative Defenses 1-2 ("Defendants have re-pled at least five defenses that this court previously ruled upon in Joliet's favor.") [hereinafter Mot. for J. on the Pleadings]. Joliet also moves under Rule 12(c) to eliminate defenses of sovereign immunity, improper public use, and prior public use property. The court addresses each affirmative defense in turn.

*1. Supremacy Clause*

On August 3, 2007, this court ruled on Joliet's motion for judgment on the pleadings as to three Supremacy Clause defenses. The court held that (1) HUD's security and reversionary interests in Evergreen Terrace did not preempt Joliet's power of condemnation; (2) Section 8 subsidy programs did not preempt condemnation; and (3) Multifamily Assisted Housing Reform and Affordability Act programs did not preempt condemnation. City of Joliet, 2007 WL 2298403, at *4. On March 27, 2008, this court denied two summary judgment motions, filed by HUD and jointly by New West and the

5

Tenants, without revisiting the Supremacy Clause defenses resolved in the August 3, 2007 order. City of Joliet, 2008 WL 4344896, at *4. On April 9, 2009, the Seventh Circuit affirmed the August 3, 2007 and March 27, 2008 orders. The panel rejected the preemption defenses under the Supremacy Clause. City of Joliet, 562 F.3d at 837 ("[I]t takes a federal command to preempt a state or local law; a conflict between a local law and legislative aspirations does not displace another jurisdiction's law."). The panel had earlier distinguished the formal function of the Supremacy Clause. New West, LP, 491 F.3d at 719 ("[T]his clause does not create any substantive rights; instead it provides that national law prevails over state and local law in the event of conflict. The federal rules must come from [another source] . . . .").

To the extent Joliet argues the law of the case and mandate rule bar any defense whatsoever brought under the Supremacy Clause, Mot. for J. on the Pleadings 1-2, the argument is meritless. See id. As to specific defenses brought under the Supremacy Clause, Joliet moves for judgment as to New West's First Affirmative Defense. This defense argues that subsidy programs, regulatory agreements, and use agreements between HUD and New West concerning Evergreen Terrace are federal rules that preempt the local power of eminent domain pursuant to the Supremacy Clause. Defs.' Am. Answer & Affirmative Defenses to Joilet's Am. Compl. for Condemnation 19 [hereinafter New West's Answer]. The Seventh Circuit discussed this stripe of implied preemption argument in detail and rejected it. See New West, 562 F.3d at 834-37. This defense was an "issue conclusively decided by [the Seventh Circuit] on appeal" and may not be revisited by this court. Sears, Roebuck & Co., 417 F.3d at 796. Additionally, the panel was affirming this court's August 3, 2007 order rejecting implied preemption

defenses. The law of the case doctrine therefore also applies. To save the defense, New West does not argue a change in law or manifest error, contending only that with the passage of time things can change. This is insufficient to overcome the mandate rule and the law of the case. Joliet's motion to dismiss New West's First Affirmative Defense is granted.

Joliet also attacks the Tenants' First Defense, Intervenor-Def.'s First Am. Answer & Affirmative Defenses to Joliet's Am. Compl. for Condemnation 17 [hereinafter Tenants' Answer], and HUD's Third Defense, Federal Def.'s Third Am. Answer to the Am. Compl. 18 [hereinafter HUD's Answer]. These defenses, while substantially identical, advance no substantive theories, asserting only that "[t]he Supremacy Clause . . . prohibits the City of Joliet from exercising eminent domain." HUD's Answer 18. Neither the law of the case nor the mandate rule precludes the bringing of a defense under the Supremacy Clause. The court notes that Joliet does not argue as grounds for judgment on the pleadings that this manner of defense is an empty set and is thus improper. Joliet's motion as to these defenses is denied.

### 2. *Property Clause*

On March 27, 2008, this court denied summary judgment for Defendants as to the Property Clause, stating that "[t]he Property Clause . . . has no bearing on this case." City of Joliet, 2008 WL 4344896, at *3. Denial of summary judgment indicates the movant is not entitled to judgment as a matter of law. This court did not decide on a "rule of law" operating to bar the defense under the doctrine of law of the case. Sears, Roebuck & Co., 417 F.3d at 796. In affirming, the Seventh Circuit singled out the Property Clause argument, stating that "[o]ne might as well say that if New West owed taxes, and the IRS

had placed a lien on Evergreen Terrace, that step would prevent the City from using eminent domain (or a bankruptcy court from selling the building to satisfy New West's other creditors)." City of Joliet, 562 F.3d at 839. The Seventh Circuit dispatched the Property Clause argument in affirming this court's decision that "[t]he Property Clause . . . has no bearing on this case." City of Joliet, 2008 WL 4344896, at *3. Based on the panel's language, pointed discussion of this issue, and the opinion as a whole, see Husband, 312 F.3d at 251, this court concludes the Seventh Circuit "conclusively decided" the Property Clause issue such that the mandate rule bars revisiting this issue. Sears, Roebuck & Co., 417 F.3d at 796; see also United States v. Thrasher, 483 F.3d 977, 982 (9th Cir. 2007) ("[T]he doctrine is similar to, but broader than, the law of the case doctrine." (quotations omitted)).

New West and the Tenants argue that because denial of summary judgment has no *res judicata* effect the defense must survive. But *res judicata*, which applies to a final judgment, is not at issue here. Whitford v. Boglino, 63 F.3d 527, 530 (7th Cir. 1995) ("The denial of summary judgment is not a final order; rather, it is an interlocutory order."). Instead, law of the case is at issue. "[L]aw of the case is an amorphous concept," a sharp contrast to *res judicata*'s "precise requirements." Arizona v. California, 460 U.S. 605, 618 (1983); see also Bethesda Lutheran Homes & Servs., Inc. v. Born, 238 F.3d 853, 858 (7th Cir. 2001) ("It is *res judicata* that bars the same party from relitigating a case after final judgment, and the doctrine of law of the case that counsels adherence to earlier rulings in the same case."). As for HUD, it develops no argument, noting only that "circumstances may change." Resp. of the U.S. Dep't of Hous. & Urban Dev. in Opp'n to Pl. City of Joliet's Mot. for J. on the Pleadings with

8

Respect to Certain Affirmative Defenses 10. The court rejects these arguments. Although no formula determines when the mandate rule applies, see White, 406 F.3d at 831, this court concludes that the Seventh Circuit's rejection of the Property Clause issue precludes this court from revisiting it absent a change in law or manifest error. See Husband, 312 F.3d at 251 (mandate may be implicit). Defendants assert no change in law or error. Joliet's motion is granted as to HUD's Fourth Defense, New West's Second Affirmative Defense, and the Tenants' Second Defense.

### 3. Contract Clause

This court denied summary judgment for Defendants on the Contract Clause. City of Joliet, 2008 WL 4344896, at *4. As with the Property Clause defense, the Seventh Circuit dismissed the Contract Clause theory. City of Joliet, 562 F.3d at 839. Reprising this court's order, the panel recognized "the Contract Clause has never been thought to protect against the exercise of eminent domain." Id. (citing Haw. Hous. Auth. v. Midkiff, 467 U.S. 229, 243 n.6 (1984)). The panel went on, however, to note that "[a] state cannot displace a contract by fiat." Id. Although this discussion resembles that of the Property Clause, the panel's brevity and inconclusive tenor are distinguishing. Viewing the opinion as a whole, this court hesitates to conclude that the Seventh Circuit's discussion "conclusively decided" the Contract Clause issue for mandate rule purposes. Sears, Roebuck & Co., 417 F.3d at 796; see also White, 406 F.3d at 831 (no formula for when mandate rule applies).

New West asserts that this court "ruled there were genuine issues of material fact to be tried" and adopted no rule of law. Def. New West's & New Bluff's Opp'n to Joliet's Mot. for J. on the Pleadings With Respect to Certain Affirmative Defenses 6. In

fact, this court observed that "[t]he undisputed facts establish that Joliet plans to redevelop the Property to include various public benefits." City of Joliet, 2008 WL 4344896, at *4. Defendants were not, however, entitled to judgment as a matter of law. The Tenants also assume that because the court denied summary judgment for Defendants, material facts must have been in genuine dispute. Def. Evergreen Terrace Tenants' Opp'n to Joilet's Mot. for J. on the Pleadings With Respect to Certain Affirmative Defenses 4 [hereinafter Tenants' Resp.]. The Tenants, too, overlook Rule 56(a)'s requirement that "the movant [be] entitled to judgment as a matter of law." For its part, HUD develops no argument to save this defense. Nevertheless, both because this court decided upon no rule of law in its summary judgment order, and because it is not clear the mandate rule applies, Joliet's motion is denied as to the Contracts Clause.

### 4. *Equitable Estoppel*

This court denied summary judgment for Defendants as to equitable estoppel. City of Joliet, 2008 WL 4344896, at *4. Defendants had argued that because one of the two Evergreen Terrace buildings was allegedly not blighted by Joliet's own admission, Joliet may not condemn the complex as a whole. Id. This court rejected that argument as "not relevant" because whether a single building is blighted is not dispositive when "the test is based on the condition of the area as a whole." Id. (quoting City of Chi. v. Barnes, 195 N.E.2d 629, 631 (Ill. 1964)) (quotations omitted). This court went no further, and the Seventh Circuit in affirming did not discuss the issue. Joliet thinks that, because this court used the phrase "not relevant" on summary judgment, the law of the case bars the defense. Both the Tenants and New West contend Joliet's argument is misplaced. HUD

does not engage the argument. The court concludes that neither law of the case nor the mandate rule apply. Joliet's motion is denied as to equitable estoppel.

### 5. *Failure to Comply with Rule 71.1*

This court denied summary judgment to Defendants as to a failure to comply with Rule 71.1's pleading requirements of adding defendants and describing the property interest, City of Joliet, 2008 WL 4344896, at *5, and the Seventh Circuit affirmed without discussing the issue. This court found the description adequate and believed all tenant defendants were added. Defendants no longer challenge the description but point out, correctly, that not all Evergreen Terrace tenants have actually been joined. See Tenants' Resp. 13. Even where the law of the case applies, a court may revisit "a manifest error," Minch, 486 F.3d at 301, and this court does so here. Rule 71.1, which governs condemnations, states that "[w]hen the action *commences*, the plaintiff need join as defendants *only* those persons who have or claim an interest in the property and whose names are *then* known." Fed. R. Civ. P. 71.1(c)(3) (emphases added). This clause concerns the time when suit is filed, which is now six years past.

In contrast, the next sentence of Rule 71.1 provides that *"before any hearing on compensation*, the plaintiff must add as defendants *all* those persons who have or claim an interest and whose names *have become known or can be found* by a reasonably diligent search of the records." Id. (emphases added). The Tenants and HUD argue all Evergreen Terrace tenants—hundreds of individuals—must be joined as indispensable parties under Rule 71.1. See HUD's Answer 19 (sixth defense); Tenants' Answer 18 (fifth defense).[3] This latter clause of Rule 71.1 is no defense, however, until a "hearing on compensation" is imminent. The Rule expressly contemplates the compensation

---

[3] New West does not raise this defense.

11

hearing as a separate phase. See Fed. R. Civ. P. 71.1(e)(3), (h). Here the initial "public use" phase to determine whether the taking is lawful has not taken place. Moreover, only if Joliet's taking is permitted would a compensation hearing arise at all. The issue presented by this defense is premature, but that does not stop a defendant from raising defenses otherwise waived. See Rule 71.1(e)(3) ("A defendant waives all objections and defenses not stated in its answer."). Joliet, citing to and quoting from Rule 71.1's predecessor, Rule 71A, appears to suggest the city need not make much effort to join by name all parties with interests in the condemned property. This argument is meritless. Joliet's motion is denied as to a defense regarding Rule 71.1's requirement to join parties.

### 6. *Sovereign Immunity*

Joliet argues HUD's sovereign immunity defense fails because HUD's mortgage interest in Evergreen Terrace post-dated the condemnation lawsuit or, alternatively, because HUD waived immunity either by removing the case or by virtue of 28 U.S.C. § 2410(a), which subjects the government to suit. The statute provides that "the United States may be named a party in any civil action or suit in any district court . . . having the jurisdiction . . . to condemn . . . real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a)(4). The government contends Joliet failed to allege HUD waived immunity, depriving this court of jurisdiction. Alternatively, the government also claims § 2410(a) applies to the United States only and not its agencies or, if § 2410 does apply, Joliet failed to plead "with particularity" the nature of HUD's mortgage interest as § 2410(b) requires.

However, as Joliet mentions in its reply brief, the Seventh Circuit concluded that § 2410 supplies jurisdiction in this case. See City of Joliet, 562 F.3d at 833. HUD does

not argue that the panel erred in this regard. Further, this court in a February 27, 2006 order stated that HUD held foreclosure rights under regulatory agreements in the Evergreen Terrace mortgage, making it a necessary party under Rule 19. This court on March 9, 2006, joined HUD under Rule 19. HUD does not argue this court erred. HUD instead argues that § 2410 simply does not apply. HUD cites Laukus v. United States, 691 F. Supp. 2d 119 (D.D.C. 2010), and Fairchild v. IRS, 450 F. Supp. 2d 654 (M.D. La. 2006), two tax cases, for the propositions that § 2410 does not waive a federal agency's immunity and that, moreover, the only proper defendant here is the United States. These district court cases, featuring much different facts, are marginally persuasive compared to contrary authority from a circuit court case substantially more on point. See C.H. Sanders Co. v. BHAP Hous. Dev. Fund Co., 903 F.2d 114, 120 (2d Cir. 1990) (finding in a suit in which HUD was sued that "there is no serious dispute here that there is both subject matter jurisdiction and waiver of immunity [under 28 U.S.C. § 2410]"). Even if case law did not favor Joilet, this court must follow the Seventh Circuit's determination that § 2410 applies. The statute waives HUD's immunity—to the extent sovereign immunity is actually at issue.

Joliet also argues that because the city does not seek damages or injunctive relief against HUD in this condemnation action, sovereign immunity is not at issue. See United States v. Rural Elec. Convenience Co-op. Co., 922 F.2d 429, 434-35 (7th Cir. 1991). The court declines to address this argument because the Seventh Circuit's finding of § 2410 jurisdiction renders it moot. After application of the mandate rule and the law of the case, the government's surviving argument is that Joliet's complaint is technically deficient under § 2410(b). The government, tangled in litigation over Evergreen Terrace

for years, contends that because of Joliet's alleged § 2410(b) pleading failure "it remains unclear what estate and interests Joliet intends to condemn." This contention strains credulity. For its part, Joliet argues that strictly enforcing § 2410's pleading requirements "makes little sense" given the complexity of this case and HUD's entry to it. Joliet's Reply Relating to Its Mot. for J. on the Pleadings as to Certain Affirmative Defenses 5. The court rejects this argument as well. Joliet is granted leave to amend its complaint to comply with the requirements of § 2410 on or before March 9, 2012. The court otherwise grants Joliet's motion as to HUD's Second Defense.

### 7. *Failure to Plead a Public Purpose*

In its complaint, Joliet claims Evergreen Terrace is blighted and will be turned into a public park. Joliet argues these statements undercut defenses alleging Joliet has failed to plead a valid public purpose. No one seriously contends ending blight or building a public park are not valid public purposes. But on their faces the defenses contend Joliet has made a pleading error. HUD's Answer 19 ("The City of Joliet fails to *plead* a valid public purpose for condemnation of the Evergreen Terrace properties, which are federally-subsidized properties for the use and benefits of low-income residents." (emphasis added)); New West's Answer 20 (materially same); Tenants' Answer 18 (materially same). In their response briefs, however, Defendants argue the merits of the motives driving the stated public purposes. Defendants do not argue there is a pleading failure under Rule 71.1, which merely provides that "[t]he complaint must contain a short and plain statement of . . . the uses for which the property is to be taken." Fed. R. Civ. P. 71.1(c)(2)(b). To the extent Defendants are raising defenses attacking a technical pleading deficiency, Joliet's motion is granted as to HUD's Eighth Defense,

New West's Seventh Defense, and the Tenants' Seventh Defense. Defendants have raised other defenses attacking Joliet's stated public purposes on their merits as illegal pretexts in violation of the Constitution and federal laws. Such other defenses are preserved.

### 8. *Prior Public Use Property*

Joliet argues that because Evergreen Terrace is privately owned the court should strike the defenses advancing the doctrine that property already in public use is not subject to eminent domain. Defendants contend the definition of "public use" is broader than Joliet thinks, but the city claims Defendants are conflating the distinct concepts of (1) the public use to which condemned property is put with (2) a pre-existing public use not subject to condemnation. The briefing is underdeveloped on this issue, however, and the court finds that Defendants allege facts suggesting a plausible right to relief. The parties make other arguments as well, but the court finds that Defendants have raised an issue that survives the Rule 12(b)(6) standard. Joliet's motion is denied as to prior public use property defenses.

## CONCLUSION

Joliet's motion for judgment on the pleadings is granted with respect to New West's First, Second, and Seventh Affirmative Defenses; HUD's Second, Fourth, and Eighth Affirmative Defenses; and the Tenants' Second and Seventh Affirmative Defenses. Joliet is granted leave to amend its complaint to comply with § 2410 on or before March 9, 2012. Joliet's motion is otherwise denied.

IT IS SO ORDERED.

ENTER:

*[signature]*

2-22-12

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: