# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 6746 | **DATE** | 2/21/2013 |
| **CASE TITLE** | City of Joliet vs. Mid-City National Bank of Chicago, et al. | | |

## DOCKET ENTRY TEXT

New West's/New Bluff's and the Evergreen Terrace Tenants' Joint Motion for Reconsideration of Order Excluding Evidence Related to Joliet's Historical Downzoning Ordinances [609] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court is Defendants New West and New Bluff ("New West"), Teresa Davis, Alfreda Eubanks, Elvis Foster, and Arnetris Renee Griffin (collectively, the "Tenants"), and the United States Department of Housing and Urban Development's ("HUD") (collectively, "Defendants") Joint Motion for Reconsideration of Order Excluding Evidence Related to Joliet's Historical Downzoning Ordinances. For the following reasons, the motion is denied.

Defendants bring their motion for reconsideration of the Court's November 21, 2012 Order pursuant to the inherent authority of the Court, the common law, and Federal Rule of Civil Procedure 54(b). "A court may exercise its inherent authority to reconsider an interlocutory order because such orders are 'subject to revision at any time before the entry of judgment adjudicating all the claims.'" Zurich Capital Markets Inc. v. Coglianese, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005) (quoting Fed. R. Civ. P. 54(b)); see also Caine v. Burge, No. 11 C 8996, 2012 WL 4061213, at *1 (N.D. Ill. Sept. 14, 2012) (stating that although the Federal Rules of Civil Procedure do not specifically provide a mechanism for a district court to review interlocutory orders, courts in this district construe such motions under Rule 54(b), the court's inherent authority, and the common law).

"[A] motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." Broaddus v. Shields, 665 F.3d 846, 860 (7th Cir. 2011). While a court will entertain a motion for reconsideration, such motions are not favored "because true manifest errors of law and fact 'rarely arise' and thus 'the motion to reconsider should be equally rare.'" Briggs v. City of Cahokia, No. 11-563-GPM, 2011 WL 6730144, at *1 (S.D. Ill. Dec. 21, 2011) (quoting Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)). A motion to reconsider is not an avenue to rehash arguments that the Court has already considered and rejected. Am. Safety Cas. Ins. Co. v. City of Waukegan, 776 F. Supp. 2d 670, 718 (N.D. Ill. 2011) (citing Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000)). Nor does it allow a party to "advance arguments that could and should have been presented to the district court prior to the judgment." United States v. Resnick, 594 F.3d 562, 568 (7th Cir. 2010).

## STATEMENT

Defendants fail to apply the above legal standard for the relief that they seek. Instead, Defendants attempt to re-argue their previous motion. Defendants are reminded that district court orders "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." LaBouve v. Boeing Co., 387 F. Supp. 2d 845, 855 (N.D. Ill. 2005) (internal citation omitted). Accordingly, the Court declines to entertain arguments which have already been determined.

To the extent that Defendants suggest that the Court misapprehended controlling precedent, the Court rejects that contention. It is well established that the historical background of a decision may be relevant in certain circumstances, but not always. See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 267 (1977) ("The specific sequence of events leading up to the challenged decision also may shed some light on the decisionmaker's purposes." (emphasis added)). In the instant action, the Court specifically found that "Defendants' argument is too attenuated to support a finding of relevance." Minute Order, Nov. 21, 2012. The Court explained that in order to accept Defendants' theory, it "would first have to find that the 1992 Ordinances and subsequent map amendments were motivated by discriminatory intent"and then find that the instant eminent domain action that began thirteen years later was motivated by the same discriminatory intent. Id. The Court notes that the "state courts have plenary power to review zoning decisions," and thus the 1992 downzoning ordinances could have been challenged at the time of their inception if the efficacy or motivation of the ordinances was in question. Guth v. Tazewell Cnty., 698 F.3d 580, 584 (7th Cir. 2012) (citing 55 Ill. Comp. Stat. 5/5-12012.1). Furthermore, Defendants admit that "[they] will be able to demonstrate disparate impact without reference to historical downzoning" because "[t]he current lack of reasonable alternatives can be established by the current zoning ordinance and map, current demographics, an analysis of housing availability, and appropriate statistical methods." New West's/New Bluff's and The Evergreen Terrace Tenants' Joint Motion for Reconsideration of Order Excluding Evidence Related to Joliet's Historical Downzoning Ordinances 6 (emphasis added). Therefore, the Court rejects Defendants' argument.

In addition, Defendants argue that reconsideration is proper because the evidence which has been excluded is necessary to rebut the testimony of Joliet's City Manager Thomas Thanas—specifically his contention that there is sufficient alternative property available for low-income families in Joliet. However, this does not constitute new evidence, and therefore could have, and should have been raised in the previous motion. Further, as previously noted, Defendants admit that such rebuttal evidence, if necessary, can be established without reference to Joliet's historical downzoning ordinances. Accordingly, the Court rejects this argument.

For the foregoing reasons, the Court denies Defendants' motion to reconsider.
IT IS SO ORDERED.