UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **CITY OF JOLIET,** an Illinois Municipal Corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. 05 C 6746 |
| v. | ) ) ) | Judge Charles R. Norgle |
| **MID-CITY NATIONAL BANK OF CHICAGO,** *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**NEW WEST/NEW BLUFF AND THE EVERGREEN TERRACE TENANTS'
OFFER OF PROOF ON 2013 REAC INSPECTIONS OF EVERGREEN TERRACE**

Defendants New West, L.P., New Bluff, L.P., *et al.*[1] (together, "NW/NB") and Evergreen Terrace tenants Teresa Davis, Alfreda Eubanks, Elvis Foster, and Arnetris Renee Griffin (together, the "Tenants") (collectively, the "Defendants"), by their undersigned counsel, submit the following offer of proof, under Federal Rule of Evidence 103(a)(2), on evidence of the April 23–24, 2013 inspections of Evergreen Terrace by the Department of Housing and Urban Development's ("HUD") Real Estate Assessment Center ("REAC"):

On April 4, 2013, the City of Joliet ("Joliet" or "City") filed a motion in limine to exclude evidence of the 2013 REAC inspections of Evergreen Terrace. [Dkt. No. 659.] On June 12, 2013, while the motion in limine was under advisement, the Court prohibited James Kuiken

---

[1] Mid-City National Bank of Chicago as Successor Trustee to United of America Bank, Trustee under Trust Agreement Dated May 9, 1980, and Known as Trust Number 1252; the Beneficiaries of Mid-City National Bank of Chicago as Successor Trustee to United of America Bank, Trustee under Trust Agreement Dated May 9, 1980, and Known as Trust Number 1252; Burnham Residential Venture I, L.P.; Burnham Residential Venture I Corp.; Burnham Management as Tax Assessee; Mid-City National Bank of Chicago as Successor Trustee to United of America Bank, Trustee under Trust Number 1335; the Beneficiaries of Mid-City National Bank of Chicago as Successor Trustee to United of America Bank, Trustee under Trust Number 1335; Burnham Residential Venture VII, L.P.; Burnham Residential Venture VII Corp.; Ronald J. Gidwitz; and Ralph W. Gidwitz.
4829-5549-1094.2


("Mr. Kuiken"), Evergreen Terrace's maintenance supervisor, from testifying about his participation in, and personal observations, of the 2013 REAC inspections (Tr. 11077:15–21)[2] and about the consultant Burnham Management Company ("Burnham") hired to help prepare for the inspections (Tr. 11078:11–11079:7). On July 16, 2013, as a sanction, and based on the pending motion in limine, the Court prohibited Linda Capriotti ("Ms. Capriotti"), Burnham's Vice President of Management, from testifying about the 2013 REAC inspections. (Tr. 12055:24–12057:6.) The Court also prohibited HUD from calling Rhonda Caplinger ("Ms. Caplinger"), the REAC inspector who performed the 2013 inspections, as a witness and excluded the 2013 inspection reports from evidence. (*Id*.) On July 18, 2013, the Court entered an order granting Joliet's motion in limine. [Dkt. No. 752.] On July 18, 2013, NW/NB moved to reconsider the Court's ruling. [Dkt. No. 754.] On July 24, 2013, HUD moved to reconsider the Court's ruling. [Dkt. No. 758.] On October 7, 2013, the Tenants moved separately to reconsider the Court's ruling. [Dkt. No. 813.] On October 24, 2013, the Court denied the parties' motions to reconsider. [Dkt. No. 824.]

This offer of proof incorporates by reference the responses and supplemental responses to the motion in limine [Dkt Nos. 668, 669, 671, & 680], HUD's surreply [Dkt. No. 684], NW/NB's motion to reconsider [Dkt. No. 754], HUD's motion to reconsider [Dkt. No. 758], the Tenants' motion to reconsider [Dkt. No. 813], NW/NB's reply [Dkt. No. 796], and HUD's reply [Dkt. No. 793].

    1.    <u>Testimony of Linda Capriotti</u>

If permitted to offer evidence on the 2013 REAC inspections, the Defendants would present additional testimony from Ms. Capriotti. Ms. Capriotti would testify as follows:

---

[2] Pages of the trial transcript cited in this offer of proof are attached as **Group Exhibit 1**.

4844-0659-7399.3

- She was informed on March 13, 2013, that a HUD employee, Michele Schmidt ("Ms. Schmidt") contacted Evergreen Terrace's management office to schedule the 2013 inspections.

- Burnham employee Tina Merritt ("Ms. Merritt") was at the property when Ms. Schmidt called.

- Ms. Merritt spoke with Ms. Schmidt about scheduling the inspections.

- HUD requested potential dates for the REAC inspections on consecutive dates (on a Tuesday–Thursday) between March 25, 2013, and April 25, 2013.

- Ms. Merritt informed Ms. Capriotti about her conversation with Ms. Schmidt.

- Due to the upcoming holidays and other scheduling conflicts, Burnham proposed April 23, 24, and 25 as available inspection dates.

- After proposing these dates, Ms. Capriotti performed research to locate a REAC consultant to assist Burnham in preparing for the REAC inspections.

- Based on her experience managing subsidized housing and her knowledge of the industry, it is fairly common for property owners to hire REAC consultants to help prepare for REAC inspections.

- Ms. Capriotti selected U.S. Housing Consultants to assist Burnham.

- On April 9–10, 2013, Oleg Kirman ("Mr. Kirman"), a representative of U.S. Housing Consultants, conducted a pre-REAC walk-through of Evergreen Terrace that included the site, the common areas, the building systems, the building exteriors, and one vacant unit in Building 366.

- Ms. Capriotti was present for both days of the walk-through, along with Mr. Kuiken.

- After the walk-through, U.S. Housing Consultants provided Ms. Capriotti with a spreadsheet listing any issues that Mr. Kirman observed.

- Ms. Capriotti gave Mr. Kuiken a copy of the spreadsheet, and Mr. Kuiken disseminated copies to the members of his maintenance staff so that they could use them to address any issues in and around their respective buildings.

- On April 23, 2013, Ms. Capriotti, Mr. Kuiken, Mr. Kirman, and Steve Blonsky ("Mr. Blonsky"), Burnham's project manager, accompanied Ms. Caplinger on her inspection of the Evergreen Terrace I buildings.

- Ms. Caplinger cited Building 358, Unit 006, for an inoperable smoke detector.

3

- This citation was corrected by Evergreen Terrace's maintenance personnel immediately after it was cited.

- Ms. Caplinger did not cite Evergreen Terrace I for any exigent health-and-safety hazards.

- Ms. Caplinger completed her inspection of the residential buildings at Evergreen Terrace I on April 23, 2013. This inspection took approximately 5 ½ hours and included the exteriors, common areas, and maintenance and utility rooms of the Evergreen Terrace I residential buildings, as well as 25 units within these buildings. Before that date, Evegreen Terrace's management was not informed of the units that would be inspected.

- On April 24, 2013, Ms. Caplinger returned to Evergreen Terrace.

- Ms. Capriotti, Mr. Kuiken, Mr. Kirman, and Mr. Blonsky accompanied Ms. Caplinger.

- On April 24, 2013, Ms. Caplinger completed her inspection of the administration building located at Evergreen Terrace I (Building 350). This portion of the inspection took approximately one hour.

- After Ms. Caplinger completed her inspection of Evergreen Terrace I, she proceeded to inspect the residential buildings of Evergreen Terrace II. This inspection took approximately 5 ½ hours and included the exteriors, common areas, and maintenance and utility rooms of the Evergreen Terrace II residential buildings, as well as 23 units within these buildings. Before that date, Evergreen Terrace's management was not informed of the units that would be inspected.

- Ms. Caplinger cited Building 300, Unit 303, for an inoperable smoke detector.

- She cited Building 300, Unit 403, for a missing smoke detector.

- These citations were corrected by Evergreen Terrace's maintenance personnel immediately after they were cited.

- Ms. Caplinger did not cite Evergreen Terrace II for any exigent health-and-safety hazards.

- Based on Ms. Capriotti's attendance at the July 2012 REAC inspections of Evergreen Terrace and her prior attendance at REAC inspections of other properties, the April 2013 REAC inspections of Evergreen Terrace were conducted in the same manner as any other REAC inspections.

4

- On April 25, 2013, Ms. Capriotti e-mailed HUD copies of (1) a letter confirming the correction of the fire-safety hazard at Evergreen Terrace I; (2) a certification signed by Jake Paschen ("Mr. Paschen"), Burnham's president, confirming the same; (3) a letter confirming the correction of the fire-safety hazards at Evergreen Terrace II; and (4) a certification signed by Mr. Paschen confirming the same. [Dkt. No. 754-5 (NW/NB Tr. Ex. Nos. 518 & 519).] NW/NB Exhibits 518 and 519 are true and correct copies of these communications and are business records of NW/NB.

- On April 26, 2013, Ms. Capriotti received e-mails from HUD containing links to the REAC inspection reports for Evergreen Terrace I and Evergreen Terrace II. [Dkt. Nos. 754-6 & 754-7 (NW/NB Tr. Ex. Nos. 516, 516A, 517 & 517A).] NW/NB Exhibits 516, 516A, 517, and 517A are true and correct copies of these documents and are business records of NW/NB.

- The Evergreen Terrace I report stated that the property had received a score of 89b. [*See* Dkt. No. 754-6 at 6 (NW/NB Tr. Ex. No. 516A).]

- The Evergreen Terrace II report stated that the property had received a score of 86b. [Dkt. No. 754-7 at 6 (NW/NB Tr. Ex. No. 517A).]

Through Ms. Capriotti's testimony, the Defendants would offer into evidence the April 25, 2013 correspondence from Burnham to HUD [Dkt. No. 754-5] and the April 26, 2013 correspondence from HUD to Burnham, including the REAC inspection reports [Dkt. Nos. 754-6 & 754-7], mentioned above.

  2. <u>Testimony of James Kuiken</u>

If permitted to offer evidence on the 2013 REAC inspections, the Defendants also would present additional testimony from Mr. Kuiken. He would testify as follows:

- Burnham did not use a REAC consultant before the REAC inspections conducted in 2012.

- On April 9–10, 2013, Mr. Kirman a representative of U.S. Housing Consultants, conducted a pre-REAC walk-through of Evergreen Terrace that included the site, the common areas, the building systems, the building exteriors, and one vacant unit in Building 366.

- Mr. Kuiken was present for both days of the walk-through, along with Ms. Capriotti.

5

- After the walk-through, U.S. Housing Consultants provided Ms. Capriotti with a spreadsheet listing any issues that Mr. Kirman observed.

- Ms. Capriotti gave Mr. Kuiken a copy of the spreadsheet, and Mr. Kuiken disseminated copies to the members of his maintenance staff so that they could use them to address any issues in and around their respective buildings.

- On April 23–24, 2013, Mr. Kuiken, Ms. Capriotti, Mr. Kirman, and Mr. Blonsky accompanied Ms. Caplinger on her inspections of Evergreen Terrace I and Evergreen Terrace II.

- All the issues that Ms. Caplinger cited during the 2013 REAC inspections were corrected by the Evergreen Terrace maintenance staff.

3. Testimony of Rhonda Caplinger

If permitted to offer evidence on the 2013 REAC inspections, the Defendants also would present testimony from Ms. Caplinger. She would testify consistent with her declarations [Docket Nos. 684-2 & 793-1], which are incorporated into this offer of proof by reference and attached as **Group Exhibit 2**. Ms. Caplinger also would testify that NW/NB Exhibits 516 and 517 are true and correct copies of the reports that were generated based on her completion of the April 2013 REAC inspections of Evergreen Terrace and are business records of HUD.

4. Other HUD Testimony

If permitted to offer evidence on the 2013 REAC inspections, the Defendants also would present testimony from other HUD witnesses consistent with their declarations, which are incorporated by reference into this offer of proof. [*See* Dkt. Nos. 758-9 (Delton Nichols); 758-10 (Michele Schmidt); 758-11 (Kimberlee Scoles).]

5. Testimony of Susan Connor

If permitted to examine Professor Susan Connor on the 2013 REAC inspections, the Defendants proffer that she would testify that the 2013 REAC inspections further confirmed her opinions that the Evergreen Terrace properties were not blighted in 2012–2013.

6

The Defendants respectfully proffer the evidence specified above on the 2013 REAC inspections of Evergreen Terrace.

Dated: December 2, 2013

Respectfully submitted,

/s/ Seth A. Horvath
Dean J. Polales (ARDC #1168606)
John T. Ruskusky (ARDC #6256605)
Seth A. Horvath (ARDC #6283110)
**UNGARETTI & HARRIS LLP**
3500 Three First National Plaza
Chicago, Illinois 60602
Telephone: (312) 977-4400
Facsimile: (312) 977-4405

*Attorneys for New West, New Bluff, et al.*

John Bouman #260983
Katherine E. Walz #6238318
Marie Claire Tran-Leung #6293967
Jeremy P. Bergstrom # 6274565
**SARGENT SHRIVER NATIONAL CENTER ON POVERTY LAW**
50 E. Washington Street, Suite 500
Chicago, Illinois 60602
Telephone: (312) 263-3830
Facsimile: (312) 263-3846

/s/ Reena R. Bajowala
Craig C. Martin #6201581
Jeffrey S. Eberhard #6276471
Reena R. Bajowala #6286255
Brienne M. Letourneau #6303812
**JENNER & BLOCK LLP**
353 North Clark Street
Chicago, Illinois 60654
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

*Attorneys for the Evergreen Terrace Tenants*

4844-0659-7399.3

## **CERTIFICATE OF SERVICE**

I, Seth A. Horvath, an attorney, certify that on December 2, 2013, the foregoing document was served on all CM/ECF registrants of record in this action using the CM/ECF system.

        /s/ Seth A. Horvath
Dean J. Polales (ARDC #1168606)
John T. Ruskusky (ARDC #6256605)
Seth A. Horvath (ARDC #6283110)
**UNGARETTI & HARRIS LLP**
3500 Three First National Plaza
Chicago, Illinois 60602
Telephone: (312) 977-4400
Facsimile: (312) 977-4402

*Attorneys for New West, L.P., New Bluff, L.P., et al.*

4844-0659-7399.3